**EXHIBIT A**

1  J. Scott Halverson, SBN 10629
   **LAW OFFICES OF J. SCOTT HALVERSON, P.C.**          04-15-08A08:22 RCVD
2  1761 E. McNair Drive, Suite 103
3  Tempe, Arizona 85283
   Telephone (480) 777-7776
4  Facsimile  (480) 345-7083

5  **RAY P. SCHUMACHER**, SBN 13670
   1761 E. McNair, Suite 103
6  Tempe, Arizona 85283
7  Telephone (480) 456-9120

8  Attorneys for Plaintiff

9              IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

10                    IN AND FOR THE COUNTY OF MARICOPA

11
   MICHAEL JOSEPH SOTO CORDOVA, a            No.   CV2008-007096
12 single adult;
                                             **SUMMONS**
13
       Plaintiff,
14
                                             If you would like legal advice from a lawyer,
       vs.                                   contact the Lawyer Referral Service at
15
   RICKY MELROSE and JANE DOE                        602-257-4434
16 MELROSE, husband and wife; CITY OF                     or
   GOODYEAR, a municipality and political          www.lawyerfinders.org
17 subdivision within the State of Arizona; JOHN
   and JANE DOES I-X;                              Sponsored by the
18                                           Maricopa County Bar Association

19     Defendants.

20

21 **THE STATE OF ARIZONA TO THE DEFENDANTS:**

22     OFFICER RICKY MELROSE and JANE DOE MELROSE, husband and wife;
       16004 W. Grant Street
23     Goodyear AZ 85338

24
       CITY OF GOODYEAR
25     c/o Goodyear City Clerk
       190 N. Litchfield Road
26     Goodyear AZ 85338

27     JOHN and JANE DOES I-X
28

1  **YOU ARE HEREBY SUMMONED** and required to appear and defend, within the time applicable, in this action in this Court. If served within Arizona, you shall appear and defend within 20 days after the service of the Summons and Complaint upon you, exclusive of the day of service. If served out of the State of Arizona -- whether by direct service, by registered or certified mail, or by publication -- you shall appear and defend within 30 days after the service of the Summons and Complaint upon you is complete, exclusive of the day of service. Where process is served upon the Arizona Director of Insurance as an insurer's attorney to receive service of legal process against it in this State, the insurer shall not be required to appear, answer or plead until expiration of 40 days after date of such service upon the Director. Service by registered or certified mail without the State of Arizona is complete 30 days after the date of filing the receipt and affidavit of service with the Court. Service by publication is complete 30 days after the date of first publication. Direct service is complete when made. Service upon the Arizona Motor Vehicle Superintendent is complete 30 days after filing the Affidavit of Compliance and return receipt or Officer's Return. RCP 4; ARS §§ 20-222, 28-502, 28-503.

**YOU ARE HEREBY NOTIFIED** that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint.

**YOU ARE CAUTIONED** that in order to appear and defend, you must file an Answer or proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any Answer or response upon the Plaintiff's attorney. RCP 10(d); ARS § 12-311; RCP 5.

The name and address and telephone number of Plaintiff's attorney is:

J. Scott Halverson, Esq.
LAW OFFICES OF J. SCOTT HALVERSON, P.C.
1761 E. McNair Drive, Suite 103
Tempe, AZ 85283
(480) 777-7776

**REQUESTS FOR REASONABLE ACCOMMODATIONS** for persons with disabilities must be made <u>to the Court</u> by parties at least three working days in advance of a scheduled court proceeding.

SIGNED AND SEALED this date: _____ APR - 3 2008



Clerk of the Court
MICHAEL K. JEANES, CLERK
F. DIAZ-SMOCK
DEPUTY CLERK

By_____
            Deputy Clerk

2

**LAW OFFICES OF J. SCOTT HALVERSON, P.C.**
**J. Scott Halverson**, Bar I.D. 10629
1761 E. McNair, Suite 103
Tempe, Arizona 85283
Telephone (480) 777-7776
Co-Counsel for the Plaintiff

**RAY P. SCHUMACHER**, Bar I.D. 13670
1761 E. McNair, Suite 103
Tempe, Arizona 85283
Telephone (480) 456-9120
Co-Counsel for the Plaintiff

COPY
APR - 3 2008
MICHAEL K. JEANES, CLERK
F. DIAZ-SMOCK
DEPUTY CLERK

SUPERIOR COURT OF ARIZONA

MARICOPA COUNTY

| | |
|---|---|
| MICHAEL JOSEPH SOTO CORDOVA, a single adult;<br><br>Plaintiff,<br><br>vs.<br><br>RICKY MELROSE and JANE DOE MELROSE, husband and wife; CITY OF GOODYEAR, a municipality and political subdivision within the State of Arizona; JOHN and JANE DOES I-X;<br><br>Defendants. | CV  CV2008-007096<br><br>**COMPLAINT**<br><br>(TORT NON-MOTOR VEHICLE) |

For his Complaint against the Defendants, Plaintiff alleges as follows:

## JURISDICTIONAL ALLEGATIONS

1. At all times relevant to this Complaint, Plaintiff ("Cordova") resided in Maricopa County, Arizona.

2. At all times relevant to this Complaint, Defendant Ricky Melrose ("Officer Melrose") was an officer with the City of Goodyear Police Department, acting within the scope of his employment.

3. The spouse of Defendant Melrose, if any, is named only to comply with the requirements of the community property laws of this State. All conduct of Defendant Melrose was performed on behalf of his martial community.

4. At all times relevant to this Complaint, Defendant City of Goodyear ("Goodyear") was a municipality and political subdivision within the State of Arizona.
5. The events giving rise to this Complaint occurred in Maricopa County, Arizona.
6. This Court has jurisdiction over this matter because the amount in controversy exceeds the minimum jurisdictional limits of this Court.

## GENERAL ALLEGATIONS

7. On or about May 29, 2007, Officer Melrose intentionally directed and caused a police dog to attack Plaintiff Cordova, after Officer Melrose and another Goodyear police officer, Officer McCurl, had subdued Plaintiff Cordova.
8. Officer Melrose and Officer McCurl had complete control over Plaintiff Cordova, who was lying on his stomach, prior to the police dog's attack.
9. Officer Melrose's conduct, described above, physically harmed Plaintiff Cordova.
10. Officer Melrose and Officer McCurl were "acting in concert" with one another during their involvement in the above-described incident, as defined in A.R.S. § 12-2506(F)(1).
11. Officer Melrose was acting within the scope of his employment as a police officer and in furtherance of his marital community, if any, during the above-described incident.
12. Officer Melrose was acting under color of state law during his involvement in the above-described incident.

## COUNT ONE:
## ASSAULT, BATTERY AND EXCESSIVE FORCE

13. Plaintiff hereby incorporates all previous allegations in this Complaint.
14. Officer Melrose acted in a manner which caused Plaintiff Cordova apprehension that he would be harmfully or offensively accosted by the police dog.
15. Officer Melrose intended that the police dog harmfully or offensively accost Plaintiff Cordova.
16. Officer Melrose directed the police dog to accost Plaintiff Cordova in a harmful or

offensive manner.

17. Officer Melrose's intentional use of the police dog to attack Mr. Cordoba was excessive, unnecessary and unreasonable force, in violation of A.R.S. § 13-3881(B), and constitutes negligence *per se*.

18. Defendant Goodyear is liable for the actions of its agent, Officer Melrose, pursuant to the principles of *Respondeat Superior*.

19. This harmful or offensive touching by the police dog, at the direction of Officer Melrose, directly and proximately caused Plaintiff Cordova general and special damages; including: physical injuries, present and future medical expenses, pain, suffering, as well as mental and emotional anguish; all in an amount to be proven at trial.

## COUNT TWO:
## CIVIL RIGHTS VIOLATIONS

20. Plaintiff hereby incorporates all previous allegations in this Complaint.

21. Officer Melrose, acting under color of state law, knowingly, willfully and intentionally deprived Plaintiff Cordova of his rights, privileges and immunities secured by the laws and constitutions of the United States and the State of Arizona, including the Fourth and Fourteenth Amendments, by:

    a. Needlessly and unreasonably subjecting Plaintiff Cordova to excessive force exerted by a police dog at Officer Melrose's direction;

    b. Intentionally directing a police dog to accost Plaintiff Cordova in a harmful or offensive manner and thereby assaulting him;

    c. Denying Plaintiff Cordova his substantive due process of law; and

    d. Denying Plaintiff Cordova his right to freedom from summary punishment.

22. Defendant Goodyear, acting under color of state law, knowingly, willfully and intentionally deprived Plaintiff Cordova of his rights, privileges and immunities secured by the laws and constitutions of the United States and the State of Arizona, including the

3

Fourth and Fourteenth Amendments, by:

    a. Improperly or inadequately training the police dog which attacked Plaintiff Cordova;

    b. Negligently and/or knowingly acquiring and utilizing the police dog in question, which had been improperly or inadequately trained;

    c. Hiring Officer Melrose without reasonably investigating or adequately determining his propensity for the type of improper conduct which he committed against Mr. Cordoba;

    d. Failing to adequately discipline Officer Melrose for any improper conduct prior to the incident at issue, which contributed to his illegal actions set forth above;

    e. Negligently retaining Officer Melrose and permitting him to remain in a position of authority, which provided the means by which he was able to commit the illegal actions set forth above; and/or

    f. Implementing, maintaining and tolerating policies, practices and customs which contributed to the improper conduct of Officer Melrose.

23. Defendant Goodyear is liable for the actions of its agent, Officer Melrose, pursuant to the principles of *Respondeat Superior*.

24. The above-described violations directly and proximately caused Plaintiff Cordova general and special damages; including: physical injuries, present and future medical expenses, pain, suffering, as well as mental and emotional anguish; all in an amount to be proven at trial.

## CONCLUSION

WHEREFORE, Plaintiffs respectfully request judgment against Defendants as follows:

A. For general damages and losses already incurred, and to be incurred in the future, in an amount to be proven at trial;

B. For past, present and future medical and related expenses incurred by Plaintiff Cordova in

4

an amount to be proven at trial;

C. For punitive damages;

D. For attorney's fees, pursuant to 42 U.S.C. § 1988 and any corresponding Arizona law;

E. For Plaintiffs' costs, pursuant to 42 U.S.C. § 1988 and any corresponding Arizona law;

F. For such additional relief as the Court may deem just and proper in the premises.

DATED this **25** day of March, 2008.

LAW OFFICES OF J. SCOTT HALVERSON, P.C.

By _____
   J. SCOTT HALVERSON

J. Scott Halverson, SBN 10629
**LAW OFFICES OF J. SCOTT HALVERSON, P.C.**
1761 E. McNair Drive, Suite 103
Tempe, Arizona 85283
Telephone (480) 777-7776
Facsimile (480) 345-7083

**RAY P. SCHUMACHER**, SBN 13670
1761 E. McNair, Suite 103
Tempe, Arizona 85283
Telephone (480) 456-9120

Attorneys for Plaintiff

COPY
APR - 3 2008
MICHAEL K. JEANES, CLERK
F. DIAZ-SMOCK
DEPUTY CLERK

IN THE SUPERIOR COURT FOR THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| MICHAEL JOSEPH SOTO CORDOVA, a single adult;<br><br>Plaintiff,<br><br>vs.<br><br>RICKY MELROSE and JANE DOE MELROSE, husband and wife; CITY OF GOODYEAR, a municipality and political subdivision within the State of Arizona; JOHN and JANE DOES I-X;<br><br>Defendants. | Case No. CV2008-007096<br><br>**CERTIFICATE OF COMPULSORY ARBITRATION** |

The undersigned certifies that he or she knows the dollar limits and any other limitations set forth by the local rules of practice for the Maricopa County Superior Court, and further certifies that this case is **NOT** subject to compulsory arbitration, as provided by Rules 72 through 76 of the Arizona Rules of Civil Procedure.

DATED this **27** day of March, 2008.

                            LAW OFFICES OF J. SCOTT HALVERSON, P.C.

                            By: _____
                                J. Scott Halverson
                                Co-Counsel for Plaintiff